*Martin*, (Attorney General,) *Key* and *J. Bayly*, for the defendant.

## GENERAL COURT, (E. S.) SEPT. TERM, 1800.

### THE STATE *vs.* NEGRO BEN.

INDICTMENT for *Murder.* The prisoner had been tried and found guilty, and was now brought before the court to have sentence passed upon him. The court were proceeding to pass the sentence under the 13*th section* of the act of 1793, *ch.* 57, to wit: that he should labour on the public roads of Baltimore county for fourteen years; but

*A person convicted of murder may be sentenced by the court to work and labour on the public roads, &c. being one of the crimes of felony enumerated in the 10th section of the act of 1793, ch. 57.*

*Martin,* (Attorney General,) informed the court, that he believed, that *that* sentence could not legally be passed upon the prisoner, murder not being one of the crimes enumerated in the 10*th section* of that act.

THE COURT seemed to think, that as the act says, "any felony with or without benefit of clergy," murder being felony, must of course be included.

But the *Attorney General* contended, that murder was not such a felony as was there meant, and that a pardon of all felonies would not pardon murder.

THE COURT thought proper to take time to consider the objection, and remanded the prisoner to gaol.

The prisoner being, on the next day, brought again before the court,

CHASE Ch. J. observed, that the court had considered the objection made yesterday to the judgment they were about to pass, and remained of the same opinion, to wit: That murder was a felony within the meaning of the act of 1793, and that therefore the prisoner's case was within that act. It was therefore adjudged, that he should labour on the public roads of Baltimore county for the term of fourteen years.